Johnson, C. J. The plea of the statute of limitations was clearly demurrable, as it is manifest that, although five years had elapsed since the cause of action arose, yet it was no bar to the action, because there was no law limiting the time within which it should have been brought until the 5th of March, A. D. 1838, and five years had not elapsed from that period before the institution of the suit. The court below, in rendering the judgment, treated the instrument sued upon as a bond for liquidated damages, and, upon that view of it, proceeded to pronounce the judgment without the intervention of a jury. It is this portion of the record that requires our special attention. The bond described most clearly contains a penalty,, the object of which is to enforce the undertaking of the defendant below, or, in case of his failure or refusal to perform his covenant, to indemnify the plaintiff. A penalty, in the nature of liquidated damages, is never designed to secure the payment of a less sum or to remunerate the party in damages. The amount stipulated as the penalty is itself the measure of damages, and, that sum being ascertained and settled by the parties to the contract, there can be no necessity for a jury to reduce it to a certainty by their verdict. It certainly would not be contended that the penalty expressed in the bond in question was agreed upon and settled by the parties as the measures of the damages to which the ob-ligee would be entitled upon the failure of the obligor to perform his covenant. The judgment recites that the sum to which the plaintiff below is entitled, is ascertained and reduced to a certainty by the condition of the bond. The condition of the bond is in the usual form, and evidently designed for no other purpose than to secure the conveyance of the land described in it. True it is that the amount of the purchase money is. specified in it, and its receipt acknowledged, yet this cannot be said to amount to an ascertainment and liquidation of the sum recoverable upon a forfeiture. It is, in strictness, a penal bond, with a condition annexed, and, in any action upon it, the only proper subject of inquiry would necessarily be the breaches of the condition and the damages thereby sustained. The 120th chapter of the Digest declares that “when an action shall be prosecuted in any court of law upon any bond for the breach of any condition other than for the payment of money, or shall be prosecuted for any penal sum for the non-performance of any covenant, or written agreement, the plaintiff in his declaration shall assign the specific breaches for which the action is brought: ” that, “upon the trial of such action if the jury find that any assignment of such breaches is true, they shall assess the damages occasioned by the breach in addition to their finding:” and that “if, in such action the plaintiff shall obtain judgment upon demurrer, by confession or default, the court shall make an order therein that the truth of the breaches assigned be inquired into and the damages sustained thereby assessed at the same or the next term, and the court shall proceed therein in the same manner as in other cases of inquiry of damages.” The plaintiff in this case obtained judgment upon demurrer to the plea, and there can be no doubt but that the court should have made an order for a jury to come either at that or the next term to inquire into the truth of the breaches assigned, and to assess the damages sustained. The omission to make such order, we consider a fatal error, and for which the judgment ought to be reversed. The judgment is therefore reversed.